UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re PATRICK AND SUZANNE CLARK, <br><br> Appellants, <br><br> v. <br><br> S&J ADVERTISING, INC., <br><br> Appellee. | No. 2:15–CV–02021 TLN <br><br> **ORDER** |

This matter is before the Court pursuant to Appellee S&J Advertising's (hereinafter referred to as "Appellee" or "Corporation") Motion to Dismiss Appellants Patrick and Suzanne Clark's ("Appellants" or "Debtors") Notice of Bankruptcy Appeal.[1] (Appellee's Mot. to Diss., ECF No. 6.) Appellants oppose the motion. (Appellant's Opp'n. to Mot. to Diss., ECF No. 7.) For the reasons set forth below, Appellee's Motion to Dismiss is GRANTED IN PART and DENIED IN PART.

Appellee also submits a Motion for Reconsideration moving the Court to reconsider its previous Order granting the consolidation of three appeals by the Appellant. (Appellee's Mot. to Recon., ECF No. 14.) Appellants oppose the motion. (Appellant's Opp'n. to Mot. to Recon., ECF No. 17.) For the reasons set forth below, Appellee's Motion to Reconsider is DENIED.

---

[1] The debtors in the pending bankruptcy case are Patrick Clark and Suzanne Clark, collectively referred to as the "debtors." The dispute relates to Suzanne Clark's 50% interest in the Corporation. (ECF No. 6 at 1.)

1

# I. FACTUAL BACKGROUND

As the Court understands, Appellant Debtors and Appellee Corporation have been involved in bankruptcy proceedings regarding Appellants' 50% interest in the Appellee Corporation. Appellants filed their Chapter 13 bankruptcy case in February of 2014 and subsequently filed a Certificate of "Election to Wind Up and Dissolve" the Corporation with the California Secretary of State in June of 2014. (ECF No. 6 at 2.) In response to this bankruptcy filing, Appellee Corporation filed a "Petition to Stay the Dissolution and Ascertain the Value of the Dissolving Shareholder's Shares" as provided under California Corporate Code Section 2000 (hereafter "§2000") which was granted by the Solano Superior Court. (ECF No. 6 at 2.) The bankruptcy court then issued an Order allowing the parties to continue within its jurisdiction and under §2000 guidelines as ordered by the state court. (ECF No. 6 at 2.) The bankruptcy court approved the Chapter 13 plan to provide for the sale of the Appellants' 50% interest to Appellee under §2000, with the sale proceeds to fund the plan. (ECF No. 6 at 2.)

Appellee and Appellants chose their respective appraisers. Together, the two appraisers spent several months investigating and reviewing the case, eventually issuing a detailed 27–page report of the valuation of the Appellants' shares. (ECF No. 6 at 3.) Appellants presented a sworn valuation of their shares at $42,250. (Appellee's Reply, ECF No. 8 at 2.) In contrast, the joint appraisers valued Appellants' shares at $247,000. (ECF No. 6 at 3.) Appellee filed a "Motion to Approve Valuations and Transfer" to request that the bankruptcy court approve the joint appraisers' valuation. In response, Appellants filed 273 pages of opposition. (ECF No. 6 at 3.)

The bankruptcy court held a hearing on September 9, 2015 at which it stated oral findings regarding Appellee's "Motion to Approve Valuations and Transfer" as well as the extensive objections made by Appellants. (ECF No. 6 at 3.) Continuing on the same matter on September 11, 2015, the court issued an order sustaining certain objections of Appellants and overruling others. (ECF No. 6 at 3.) The court also set a date for an evidentiary hearing to further address the merits of the Appellants' objections to the appraisal. (ECF No. 6 at 3.)

In response to a "Motion to Clarify" filed by Appellee, the bankruptcy court held another hearing on October 20, 2015 to clarify the previous September hearings. At this hearing, the

court issued a detailed "Memorandum Decision" determining that the valuation of the Appellants' shares would be governed by California state law and §2000 guidelines. (ECF No. 14 at 2–3.) Here again, the court set a date for an evidentiary hearing to further address the merits of Appellants' lengthy objections. (ECF No. 14 at 2–3.)

In a separate proceeding on February 3, 2016, the bankruptcy court granted Appellee's "Motion to Convert Debtor's Chapter 13 Case to Chapter 7." (ECF No. 14 at 3.) In this order, the bankruptcy court explained that the case was converted, among other reasons, for Appellants' "intentional disobedience of the court's orders and deceitful conduct toward the court and creditors for misrepresenting the value of [their] shares." (ECF No. 14 at 3.)

## II.     PROCEDURAL BACKGROUND

Appellants have moved this Court to appeal three orders issued by the bankruptcy court. Appellants' First Notice of Appeal, Case No. 2:15–CV–02021 TLN, to this Court was made on September 23, 2015, appealing the bankruptcy court's September 9th and 11th, 2015 orders. These hearings regarded the court's findings on Appellee's "Motion to Approve Valuations and Transfer." (Appellant's First Not. of Appeal, ECF No. 1.)

Appellants then filed their Second Notice of Appeal on October 22, 2015, Case No. 2:15–CV–02228 TLN, again appealing the bankruptcy court's September hearings in addition to the October 2015 "Memorandum Decision." (Appellant's Sec. Not. of Appeal, ECF No. 12.)

Consequently, Appellee filed a Notice of Related Cases for the two aforementioned appeals on January 7, 2016, stating that "the two cases are related because they are both an appeal of the same bankruptcy court minute order dated September 11, 2015." (Appellee's Not. of Rel.'d Cases, ECF No. 5 at 1.) (The First and Second Appeals will hereafter be referred to as the "valuation-related" appeals.)

In response to these two valuation-related appeals, Appellee filed a Motion to Dismiss on January 8, 2016. (ECF No. 6.) Appellee asserts, and the bankruptcy court agrees, that these first two valuation appeals are interlocutory and therefore not appealable to the District Court.[2] (ECF

---

[2] The bankruptcy court held: "In this court's view, the debtors have appealed from interlocutory orders. Neither the order of October 20, 2015, nor the order from September 11, 2015, fully or finally resolve the transfer or valuation of the co-debtor's corporate interest." (ECF No. 6 at 5.) (citing Bky DN 206, 2:13–3:2.)

1  No. 6 at 5.)  Appellants opposed the motion on January 29, 2016, arguing that the appeals were in
2  fact final judgements and thus appealable.  (ECF No. 7.)  Appellee filed a Reply to the Opposition
3  on February 1, 2016.  (ECF No. 8.)

4        Subsequently, on February 9, 2016, Appellants filed yet another Notice of Related Cases
5  for a third appeal.  The Third Appeal moves this Court to appeal the February 2016 "Conversion
6  Order" issued by the bankruptcy court which converted Appellants' case from a Chapter 13 to a
7  Chapter 7 plan.[3]  (*See generally* Appellant's Not. of Rel.'d Cases, ECF No. 10.)  This Third
8  Appeal was filed with this Court as case number 2:15–CV–00250.  Upon receipt of the second
9  Notice of Related Cases, this Court issued an Order consolidating all three cases under case
10 number 2:15–CV–02021 TLN on February 23, 2016.  (Order Grant.'g Consol., ECF No. 11.)

11       In response to the consolidation of the three appeals/cases, Appellee filed a Motion for
12 Reconsideration on March 8, 2016.  (ECF No. 14.)  While Appellee acknowledges that the Third
13 Appeal is an appealable final judgement, Appellee argues that it is not related to the other two
14 valuation-related appeals.  (ECF No. 14 at 3.)  Appellee maintains that the orders deal with
15 different issues within the bankruptcy case and should therefore not be consolidated into one case
16 in this Court.  *Id*.  Appellee also argues that, under Local Rule 123, the appeals should be merely
17 "reassigned" to this Court, not "consolidated" into one case.  (ECF No. 14 at 6.)  On March 24,
18 2016, Appellants filed an Opposition apparently agreeing that the cases should be "reassigned" as
19 opposed to "consolidated" but that consolidation was still appropriate.  (ECF No. 17 at 2.)
20 Appellants filed a Reply on March 31, 2016.  (ECF No. 18.)

21    **III.    STANDARD OF LAW**
22       A.  <u>Bankruptcy Appeals and District Court Jurisdiction</u>
23       District courts have appellate jurisdiction over final judgments, orders, and decrees of

---

[3]  The conversion of a debtor's classification from Chapter 13 to Chapter 7 often has significant implications on a debtor's substantial rights in their bankruptcy case.  *See Kelsey v. Waste Mgmt. of Alameda Cty.*, 76 Cal. App. 4th 590, 593 (1999) (finding differences in standing and case management between Chapter 13 and Chapter 7 debtors).  Chapter 7 plans often include total liquidation of assets and property as well as the assignment of a trustee to administer the case.  Chapter 13 plans on the other hand often allow debtors to partially repay their debts, keep their property, and handle the plan themselves.

bankruptcy courts. 28 U.S.C. §158(a)(1). "'When reviewing a bankruptcy court's decision ..., a district court functions as [an] appellate court and applies the standard of review generally applied in federal court appeals.'" *In re Crystal Properties Ltd.*, 268 F.3d 743, 755 (9th Cir. 2001) (quoting *In re Webb*, 954 F.2d 1102, 1103–04 (5th Cir. 1992)). The district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bank. P. 8013.

Only "final" rulings may be appealed as a matter of right. *In re Frontier Props., Inc.*, 979 F.2d 1358, 1362 (9th Cir. 1992). A final order is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Id*. The judgement need not be dispositive of the entire issue since "Congress has long provided that orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case." *Howard Delivery Service, Inc. v. Zurich American Ins. Co.*, 547 U.S. 651, 657, n. 3 (2006).

The Ninth Circuit has held that finality standards in the context of bankruptcy proceedings warrant additional flexibility. *See In re Mason*, 709 F.2d 1313, 1317 (9th Cir. 1983) ("[C]ertain proceedings in a bankruptcy case are so distinct and conclusive either to the rights of individual parties or the ultimate outcome of the case that final decisions as to them should be appealable as of right."). Courts have thus adopted a "pragmatic approach" to assessing finality that focuses on whether the appealed decision effectively determined the outcome of the case. *In re Frontier Props.*, 979 F.2d at 1363. In particular, a bankruptcy order may be appealed as a matter of right where it (1) resolves and seriously affects substantive rights, and (2) finally determines the discrete issue to which it is addressed. *In re Allen*, 896 F.2d 416, 418 (9th Cir. 1990). Traditional finality concerns still dictate, however, that "[w]e avoid having a case make two complete trips through the appellate process." *In re Vylene Enters.*, 968 F.2d 887, 895 (9th Cir. 1992).

Appellants have no right to appeal an interlocutory order without leave to do so. *In re Roderick Timber Co.*, 185 B.R. 601, 604 (9th Cir. BAP 1995). "To determine whether to grant leave to file an interlocutory appeal from a bankruptcy court, the Court considers the following: (1) whether the order on appeal involves a 'controlling question of law as to which there is a substantial ground for difference of opinion;' (2) whether an 'immediate right to appeal will

materially advance the ultimate termination of the litigation;' and (3) whether denying leave to appeal 'will result in wasted litigation and expense.'" *Thissen v. Johnson*, 406 B.R. 888, 892 (E.D. Cal. 2009) (citing *In re Roderick Timber Co.,* 185 B.R. at 604).

### B. Motion for Reconsideration

Both Federal Rule of Civil Procedure 59 and Local Rule 230 govern Appellee's Motion for Reconsideration.  Under Rule 59(e), reconsideration is unwarranted in the ordinary case.  "[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citations omitted); *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (stating that a change of judgement under Rule 59 is proper in limited instances).  "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School District No. 1J, Multnomah County, Oregon v. AC & S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also* E.D. Cal. Local Rule 230(j) (stating that a party seeking reconsideration must show what "new or different facts or circumstances" which were not previously shown "or what other grounds exist for the motion").  "As such, a mere attempt to reargue the case is not grounds for granting a motion for reconsideration." *Kodimer v. Cnty. of San Diego*, No. 07–CV–2221–BEN (NLS), 2010 WL 2926493, at *1 (S.D. Cal. July 22, 2010) (citing *American Ironworks & Erectors, Inc. v. N. Am. Const. Corp*., 248 F.3d 892, 899 (9th Cir. 2001)).

## IV.  ANALYSIS

### A. Appellee's Motion to Dismiss

Because Appellants' first two appeals address the bankruptcy court's valuation-related order, the Court addresses these appeals together and then turns to Appellants' Third Appeal.

#### *i. Appellants' First Two Valuation-Related Appeals*

The First Appeal pertains to Appellants' appeal of the bankruptcy court's September 2015 hearing.  (ECF No. 1.)  Appellants' Second Appeal pertains to both the September and October 2015 hearings.  (ECF No. 12.)

Appellee contends that the Appellants' valuation-related appeals should be dismissed

because they are interlocutory, and thus not properly appealable to the District Court.  (*See generally* ECF No. 6.)  Appellee maintains that these appeals are not final judgements because they are nothing more than "preliminary determination[s] of how future evidentiary hearings will proceed."  (ECF No. 6 at 8.)  The Court has combed through Appellants' response and is unclear as to any legal or rational basis on which Appellants base their Opposition.

The Court agrees with Appellee that the valuation-related appeals are interlocutory and should be dismissed.  As stated earlier in this Order, Appellants have no right to appeal an interlocutory order without leave to do so.  *In re Roderick Timber Co.*, 185 B.R. 601, 604 (9th Cir. BAP 1995).  Appellants have failed to provide any persuasive or even intelligible argument to convince the Court that the September and October orders issued by the bankruptcy court are in any way final judgements.

Interlocutory appeals may be granted when there is a difference in opinion as to the controlling questions of law, the appeal would lead to a material advancement of the litigation, or denial of the appeal would result in wasted litigation and expense.  *See Thissen*, 406 B.R. 888, at 892.  However, the Court finds that Appellants have not presented any convincing arguments to address these factors.  In the valuation-related appeals, Appellants are ostensibly appealing an order granting them an evidentiary hearing to address their own objections to the preliminary determinations made by the bankruptcy court.  (ECF No. 6 at 3.)  The Court does not find these to be final judgements.  Accordingly, the Appellee's Motion to Dismiss, as it pertains to Appellants' first two valuation-related appeals, is GRANTED and these appeals are DISMISSED.

>       *ii. Appellants' Third Appeal Concerning the Bankruptcy Court's Conversion Order*

In the bankruptcy court's "Conversion Order," the court converted Appellants' case from Chapter 13 to Chapter 7.  (ECF No. 10.)  Appellants argue, and Appellee acknowledges, that the Conversion Order is a final judgement.  (ECF No. 17 at 4; ECF No. 14 at 3.)

The Court agrees and finds that the Third Appeal is a final judgement.  *See In re Rosson*, 545 F.3d 764, 770 (9th Cir. 2008) ("An order converting a case under another chapter to one under Chapter 7 determines finally the discrete issue to which it is addressed, i.e., whether or not

the case will be converted."). As such, it is appealable as a right and thus survives Appellee's Motion to Dismiss. *See In re Frontier Props., Inc.*, 979 F.2d 1358, 1362 (9th Cir. 1992) ("final rulings may be appealed as a matter of right"). Accordingly, Appellee's Motion to Dismiss as it pertains to Appellants' Third Appeal is DENIED.[4]

### B. Appellee's Motion for Reconsideration

Appellee asks that the Court reconsider its Order consolidating Appellants' three appeals. (*See generally* ECF No. 14.) Appellee brings forth three arguments. The first is that the Third Appeal is unrelated to the first two valuation-related appeals and thus should not be consolidated into one case. (ECF No. 14 at 2.) Appellee asks for reconsideration because it has concerns that the Appellants are attempting to "improperly prolong a stay pending appeal" of unrelated matters. (ECF No. 14 at 8.) In response, Appellants argue that the appeals are related because they arise out of the same bankruptcy dispute. (ECF No. 17 at 4.)

Appellee's second argument is that consolidation is improper under Local Rule 123, which only allows for the "reassignment" of cases, not the "consolidation." (ECF No. 14 at 7.) Appellants contend that even if they were "merely inartful" in their use of the word "reassignment" instead of "consolidation," ultimately the wording does not matter as the Court may still hear all of the cases together under Local Rule 123. (ECF No. 17 at 2.)

In the final argument, Appellee asserts that Appellants' Third Appeal was improperly consolidated with the first two appeals after the Motion to Dismiss was already filed. (ECF No. 14 at 7.) Appellee is concerned that Appellants are trying to "sweep in earlier appeals that were the subject of a motion to dismiss that was already under submission" by adding the Third Appeal to the first two. (ECF No. 14 at 2.) In this way, Appellee's concern is that Appellants are attempting to "interfere with the district court's ability to rule on the Motion to Dismiss Appeals, and to further block progress in the legal proceedings in bankruptcy court." (ECF No. 14–8.)

The Court finds that, having dismissed the first two interlocutory appeals as meritless, there is no need to reconsider consolidation since only the Third Appeal is left to stand alone.

---

[4] Since the Appellee's Motion to Dismiss was filed before the cases were consolidated, the Appellee is welcome to file any additional motions or amendments responding to Appellants' Third Appeal claim.

Pursuant to this Order, Appellees are still welcome to bring any dispositive motions on the remaining appeal claim concerning the conversion of Appellants bankruptcy from Chapter 13 to Chapter 7.  (*See supra* fn 4.)  Accordingly, Appellee's Motion for Reconsideration is DENIED AS MOOT.

## V.     CONCLUSION

For the reasons set forth above, Appellee's Motion for Reconsideration (ECF No. 14) is DENIED AS MOOT, and Appellee's Motion to Dismiss (ECF No. 6) is GRANTED IN PART and DENIED IN PART.  Accordingly, this Court hereby:

1. GRANTS without leave to amend Appellee's Motion to Dismiss the first and second bankruptcy appeals;
2. DENIES Appellee's Motion to Dismiss the third bankruptcy appeal; and
3. DENIES Appellee's Motion to Reconsider AS MOOT.

    IT IS SO ORDERED.

Dated: July 25, 2016

Troy L. Nunley
United States District Judge